IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Geary Thomas Dooly, | ) | Case No. 7:22-cv-01734-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Nicholas Niles Spears, Jr.; William Stork; Johnson and Freeman, LLC; Brock and Scott, PLLC; Does 1–5, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's motion for expedited preliminary injunction.[1]  ECF No. 9.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial proceedings and a Report and Recommendation ("Report").  On July 6, 2022, the Magistrate Judge issued a Report recommending the motion for expedited preliminary injunction be denied.  ECF No. 14.  Plaintiff filed objections to the Report.  ECF No. 18.

## **APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The

---

[1] Plaintiff paid the full filing fee.  ECF No. 16.

Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **DISCUSSION**

The Magistrate Judge recommends denying the motion for expedited preliminary injunction because she determined that Plaintiff failed to satisfy the test articulated in *Winter*. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) (holding that a party seeking a preliminary injunction must demonstrate: 1) he is likely to succeed on the merits, 2) he will suffer irreparable harm if the preliminary injunction is not granted, 3) the balance of equities favors him, and 4) the injunction is in the public interest). Specifically, the Magistrate Judge found that Plaintiff cannot show that he is likely to succeed on the merits. ECF No. 14 at 5–6. The Magistrate Judge went on to recommend denying Plaintiff's motion because Plaintiff failed to plead facts showing that this Court has jurisdiction or stating a cognizable claim for relief; because this Court should abstain from hearing the merits of this action or granting the requested relief pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800

(1976), and *Younger v. Harris*, 401 U.S. 37 (1971); and because the Anti-Injunction Act precludes the relief sought. ECF No. 14.

Plaintiff objected to some of the Magistrate Judge's recitation of facts and demanded a trial by jury. Plaintiff objects to the Magistrate Judge's finding that his claims rest upon his own conjecture rather than sufficiently pled facts. Plaintiff maintains that this Court has jurisdiction over his claims pursuant to diversity jurisdiction because he "is a South Carolina National, not a citizen of South Carolina" and pursuant to federal question jurisdiction. *Id.* at 4. Plaintiff also contends that he is likely to succeed on the merits of his claims and that he can satisfy the remainder of the *Winter* test. *Id.* at 5–7. He objects to the Magistrate Judge's recommendation with respect to abstention and the Anti-Injunction Act. *Id.* at 6.

As an initial matter, the Court notes that there appears to have been some confusion regarding Plaintiff's payment of the filing fee. The Magistrate Judge issued two proper form orders directing Plaintiff to either pay the filing fee or complete an application for leave to proceed in forma pauperis. ECF Nos. 6, 13. In the Report, the Magistrate Judge notes that "[c]ritically, Plaintiff has not paid the $402 filing fee to this action; also, alternatively, he has not filed the Application to Proceed Without Payment of Fees . . . ." ECF No. 14 at 1 n.1. However, in the objections, Plaintiff states that "[t]he filing fee was paid at the time of filing of the Complaint . . . . Plaintiff contacted the Clerk with proof of receipt, and clerk's apology for oversight is accepted." ECF No. 18 at 1. The filing fee is docketed at ECF No. 16 but is dated as being filed on June 2, 2022. While no notation of explanation appears on the docket or in the Magistrate Judge's Reports, it appears that

the filing fee was either misplaced or improperly docketed at the time of filing. Therefore, Plaintiff should have been considered as fee paid from the beginning of this action. The Court finds that this confusion does not impact the ultimate outcome of Plaintiff's motion and that this Court may review a motion for preliminary injunction before service in a case with a fee-paid plaintiff. *See Stanfield v. Wigger,* No. 2:14-cv-00839-PMD, 2015 WL 58077 (D.S.C. Jan. 5, 2015).

Turning to the substance of the Report, upon de novo review, the Court agrees with the Magistrate Judge's recommendation. While Plaintiff objects to the Magistrate Judge's characterization of his statements, the Court agrees that he has offered conjecture rather than sufficient facts in support of his claims. Thus, he has not demonstrated a likelihood of success on the merits. Upon de novo review, the Court further agrees with the Magistrate Judge's analysis with respect to abstention and the Anti-Injunction Act. Accordingly, Plaintiff's objections are overruled.

## CONCLUSION

Accordingly, the Court agrees with the recommendation of the Magistrate Judge except as to her statement that Plaintiff had not paid the filing fee. The motion for expedited preliminary injunction [9] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 4, 2022
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.